KAUFMAN DOLOWICH & VOLUCK, LLP
KATHERINE S. CATLOS (SBN 184227)
kcatlos@kdvlaw.com
BARBARA L. HARRIS CHIANG (SBN 206892)
bchiang@kdvlaw.com
GABRIEL N. RUBIN (SBN 241659)
grubin@kdvlaw.com
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:    (415) 926-7600
Facsimile:    (415) 926-7601

Attorneys for Defendants
LOW, BALL & LYNCH and
CHRISTINE BALBO REED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BARTY-BILLECI, | )Case No. |
| | ) |
| Plaintiffs, | ) |
| vs. | )San Francisco Superior Court |
| | )Case No.  CGC-17-563260 |
| | ) |
| LOW, BALL & LYNCH; CHRISTINE | ) |
| BALBO REED; and DOES 1-50, inclusive, | )**DEFENDANTS LOW, BALL & LYNCH'S AND** |
| | )**CHRISTINE BALBO REED'S NOTICE OF** |
| | )**REMOVAL OF ACTION UNDER 28 U.S.C. §** |
| Defendants. | )**1441(a) (FEDERAL QUESTION)** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendants LOW, BALL & LYNCH and CHRISTINE BALBO REED (collectively, referred to as "Defendants"), hereby remove the action *Michelle Barty-Billeci v. Low, Ball & Lynch, et al.* (the "Action"), from the Superior Court of California, County of San Francisco, Case No.  CGC-17-563260, to this Court.

In support of removal, Defendants state the following grounds:

1.    On or about December 20, 2017, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco entitled *Michelle Barty-Billeci v. Low,*

- 1 -

*Ball & Lynch, et al.*, as case number CGC-17-563260 attached hereto as Exhibit A.

2.     Defendant Christine Balbo Reed received a copy of the said complaint on or about January 2, 2017, when she were served with a copy of the said complaint.  A copy of the Proof of Service of Summons, which was filed with the California Superior Court is attached hereto as Exhibit B.  Defendant Low, Ball & Lynch received a copy of the said complaint on or about January 17, 2017 when it was served with a copy of the said complaint. Defendants answered the Complaint in the Superior Court of the State of California in and for the County of San Francisco on or about January 26, 2017.  A copy of the Answer is attached hereto as Exhibit C.

3.     This Notice of Removal is brought by all Defendants in this matter.  Defendants are represented in this action by the counsel signing this Notice of Removal, and Defendants consent to removal of this action to the United States District Court.  Notice of Removal is being concurrently served on Plaintiff by mail and will be filed in the San Francisco County Superior Court promptly following the filing of this Notice of Removal.

**JURISDICTION**

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to provisions of 28 U.S.C. § 1441(a) in that it arises under Title VII of the Civil Rights Act of 1964.

Dated: January 30, 2018                              KAUFMAN DOLOWICH & VOLUCK, LLP


                                        By:        /s/*Katherine S. Catlos*_____
                                                   KATHERINE S. CATLOS
                                                   BARBARA L. HARRIS CHIANG
                                                   GABRIEL N. RUBIN
                                                   Attorneys for Defendants
                                                   LOW, BALL & LYNCH and
                                                   CHRISTINE BALBO REED

4822-7397-6410, v. 2

- 2 -

DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)
(FEDERAL QUESTION)

# Exhibit A

DAVID C. ANDERSON, ESQ. (SBN 83146)
ANDREW W. RATTO, ESQ. (SBN 314227)
ANDERSON LAW
55 Francisco Street, Suite 403
San Francisco, CA 94133
(415) 395-9898  Telephone
(415) 395-9839  Facsimile

Attorneys for Plaintiff
MICHELLE BARTY-BILLECI

ENDORSED
FILED
San Francisco County Superior Court

DEC 2 0 2017

CLERK OF THE COURT
BY:____KALENE APOLONIO_____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

MICHELLE BARTY-BILLECI,

        Plaintiff,

vs.

LOW, BALL & LYNCH; CHRISTINE BALBO REED; DOES 1-50, inclusive,

        Defendants.

) Case No. **CGC-17-563260**
)
) COMPLAINT FOR DAMAGES
)   (1) Violation of Title VII of the Civil
)       Rights Act of 1964: 42 CFR 2000(e)
)   (2) Harassment in Violation of California
)       Government Code §12940 (j)
)   (3) Discrimination in Violation of
)       California Government Code
)       §12940(g)
)   (4) Failure to Prevent Violation of
)       Harassment/Discrimination in
)       Violation of California Government
)       Code §12940
)   (5) Retaliation – Violation of Gov. C. §
)       12940(h)
)   (6) Discrimination and Wrongful
)       Discharge – California Labor Code
)       §98.6
)   (7) Intentional Infliction of Emotional
)       Distress
)   (8) Negligence
)

COMES NOW Plaintiff MICHELLE BARTY-BILLECI and complaints and alleges against Defendants, and each of them, as follows:

BY FAX
ONE LEGAL LLC

1

COMPLAINT FOR DAMAGES

## PARTIES AND JURISDICTION

1. Plaintiff MICHELLE BARTY-BILLECI ("MICHELLE") resides in Monterey County, California. At the time of the events described in this complaint, Plaintiff was employed as a Paralegal/Legal Assistant by Defendant LOW, BALL & LYNCH ("LBL"), a law firm, business form unknown, with its principal office in San Francisco, California. MICHELLE worked in LBL'S Monterey office. At all times relevant, MICHELLE worked in LBL's Monterey office.

2. Defendant CHRISTINE BALBO REED ("REED") is a resident of Monterey County, California, and all times relevant was/is an equity partner in the Monterey office of LBL.

3. Defendants DOES 1-50, inclusive, are sued herein under fictitious names because their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

4. At all times herein mentioned, all named Defendants herein, including DOES 1-50, inclusive, were agents, servants, employees, partners, and/or joint-venturers of their co-Defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, employees, partners, and/or joint-venturers and with the permission and consent of their co-Defendants.

## VENUE

5. Venue is proper in this Court because LBL'S principal office and place of business is in the City and County of San Francisco.

## GENERAL FACTUAL ALLEGATIONS

6. MICHELLE is an educated, highly-trained and experienced Legal Assistant and Paralegal hired by Defendant LBL on January 3, 2011, to perform services in its Monterey office. Her starting salary was $60,000 plus benefits. The compensation package increased annually. Plaintiff was an exemplary employee while employed by LBL and received

COMPLAINT FOR DAMAGES

evaluations which consistently met or exceeded standards set forth in LBL's performance evaluation criterion.

7. Commencing in late 2015, MICHELLE was assigned by LBL management to work primarily for Defendant REED.

8. REED had a pattern and practice of regularly screaming at her paralegals, legal assistants, and associates, resulting in rapid turnover. In addition, REED would harass and discriminate against MICHELLE on the basis of religion by regularly making derogatory and offense remarks about Christians, and those who believed in God, to MICHELLE, and around MICHELLE, despite her knowledge that MICHELLE was a Christian and came from a Christian background. She once told MICHELLE that people who believe in the bible have mental illness and are unintelligent. She would also make derogatory and offensive remarks regarding MICHELLE's origins saying that, "people who live in the middle of the country are not intelligent because they don't get enough air." REED would regularly raise her voice with MICHELLE and berate her for extended periods of time.

9. REED's offensive jokes, slurs, and epithets related to MICHELLE's religion and her family created a hostile, intimidating, and offensive work environment. REED's abusive behavior was witnessed by numerous current and former employees, partners, and associates.

10. MICHELLE reported REED's religious harassment and abusive behavior to LBL's Manager of Human Resources, Karen Fergus. No action was taken by LBL to curtail REED's offensive, harassing, and discriminatory behavior.

11. On June 2, 2016, MICHELLE was instructed by REED to go to the Marin County Superior Court to get a court document. While in route in her car, she picked up fellow employee, Naomi Bush, with whom she was planning on having lunch. Prior to reaching the courthouse, MICHELLE called REED on her cell phone and requested more specific information concerning the document she was retrieving. The cell phone was on speaker mode, and connected with the car sound system. REED was aware of the potential that other persons may be in MICHELLE's car and listening to the conversation. REED began a lengthy tirade of angry, demeaning, and insulting personal attacks on Plaintiff for requesting the additional

3

COMPLAINT FOR DAMAGES

information. At some point, Ms. Bush, stunned by REED's outburst, and without Plaintiff's approval, began to record the exchanges on her own cell phone. Later in the day, MICHELLE contacted Karen Fergus and complained about what had occurred. MICHELLE mentioned that a recording of the conversation had occurred but did not identify Ms. Bush due to concern of recrimination against Ms. Bush by REED. The following day, June 3, 2016, MICHELLE was terminated for her alleged violation of California Penal Code 632. No investigation was performed. The investigation would have revealed that MICHELLE did not make the recording. On information and belief, such termination, berating, and failure to perform an investigation were related to REED's persistent harassing, haranguing, abusive, and prejudicial attitude toward Plaintiff's religious beliefs.

12. On or about December 6, 2016, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH") and obtained her Notice of Right to Sue.

13. On or about December 20, 2016, Plaintiff filed a Complaint of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff obtained a Notice of Right to Sue from the EEOC.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964 -42 CFR 2000(e)**

14. Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint into her first cause of action.

15. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of LBL, and DOES 1-50, and each of them. Specifically, Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religion and or religious beliefs. Plaintiff has exhausted all administrative remedies available to her prior to filing this action.

16. During her employment with LBL, Plaintiff was a member of a class protected under Title VII against discrimination on the basis of race, color, gender, disability, national origin, and

**COMPLAINT FOR DAMAGES**

religion/religious beliefs by her employer, LBL, or by its partners and supervisory personnel, including but not limited to, REED.

17. During her employment with LBL, Plaintiff was protected under Title VII against adverse employment actions taken against her on the basis of her opposition to any practice made unlawful by Title VII, including discrimination on the basis of race, color gender, national origin, disability and religion by her employer, LBL, or by its partners and supervisory personnel, including REED.

18. As set forth in Plaintiff's general factual allegations above, LBL, REED, and DOES 1-50, and each of them, engaged in discrimination of Plaintiff on the basis of her religion and religious beliefs.

19. As set forth in Plaintiff's general factual allegations above, LBL, REED, and DOES 1-50, and each of them, engaged in adverse employment actions against Plaintiff on the basis of Plaintiff's opposition to any practice by Defendants made unlawful by Title VII.

20. As set forth in Plaintiff's general factual allegations above LBL, REED, and DOES 1-50, and each of them, denied Plaintiff equal employment opportunities because of her race, gender, disability, national origin, religion and religious beliefs and because she opposed practices by Defendants made unlawful by Title VII.

21. As a result of the violations of Title VII committed by LBL, REED, and DOES 1-50, and each of them, alleged in this Cause of Action, Plaintiff was terminated from her position as Legal Assistant/Paralegal.

22. As a further result of the violations of Title VII committed by LBL, and DOES 1-50, and each of them, alleged in this Cause of Action, Plaintiff has lost and continues to lose compensation, employment opportunities and benefits, and/or will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

23. LBL, and DOES 1-50, and each of them, had actual knowledge of the conduct of its partners, agents, and employees, including, but not limited to, REED, that constituted violations of 42 U.S.C. § 2000e *et seq.* All actions of defendant REED alleged in this cause of action were

ratified, authorized, and/or otherwise approved by the managing agents and/or ignored by REED's partners and/or managing agents of LBL, and DOES 1-50.

24. The acts of Defendants alleged above were done maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's injuries, and with actual knowledge that such acts were in violation of federal law. LBL had knowledge of Defendants REED's harassing and discriminatory behavior, and continued to employ them with conscious disregard of the rights and well-being of Plaintiff and other employees, or otherwise authorized or ratified this wrongful conduct. Accordingly, Plaintiff is entitled to recover punitive damages against all Defendants.

25. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of Court to amend this Complaint when the amounts become more fully known. Pursuant to 42 USC § 2000e–5(k), Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by Defendants, including but not limited to LBL and DOES 1-50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
### Harassment – Violation of Gov. Code § 12940(j)

26. Plaintiff incorporates all above paragraphs as if fully set forth herein.

27. At all times herein mentioned California's Fair Employment and Housing Act ("FEHA"), Government Code § 12940, *et seq.*, was in full force and effect and was binding on Defendants. Plaintiff was at all times material hereto, an employee covered by the provisions and protections of the FEHA. Plaintiff has exhausted all administrative remedies available to her prior to filing this action.

28. The conduct of Defendants, and each of them, alleged herein violates the FEHA, Government Code § 12940 (j), which provides that harassment of employees on the basis of race, religion, national origin, ancestry, or disability is an unlawful employment practice. Harassment includes the creation and maintenance of a hostile work environment. The work

6

environment at LBL was, at all times relevant herein, due to the conduct of Defendants, and each of them, hostile for Plaintiff.

29. The harassment by Defendants, and each of them, created an oppressive, intimidating, and/or offensive work environment for Plaintiff, as well as other employees. Specifically, REED's harassing behavior interfered with Plaintiff's ability to perform her duties and adversely affected her emotional and physical health. The harassment and/or hostile work environment was sufficiently severe and pervasive as to alter MICHELLE's employment and create an abusive working environment.

30. As a legal result of the harassment of Plaintiff described above, Plaintiff has lost and continues to lose compensation, employment opportunities and benefits. MICHELLE has further suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

31. The acts of Defendants alleged above were done maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's injuries. LBL had knowledge of defendant REED's harassing and discriminatory behavior, and continued to employ them with conscious disregard of the rights and well-being of Plaintiff and other employees, or otherwise authorized or ratified this wrongful conduct. Accordingly, Plaintiff is entitled to recover punitive damages against all Defendants.

32. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of Court to amend this Complaint when the amounts become more fully known. Pursuant to Government Code Section 12940, *et seq.*, Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by Defendants, including but not limited to Defendants LBL, REED, and DOES 1-50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**
**Discrimination in Violation of California Government Code §12940(g)**

33. Plaintiff incorporates all above paragraphs as if fully set forth herein.

34. The conduct of Defendants, and each of them, alleged herein violates FEHA, Government Code § 12940(a) *et seq.* The discrimination against Plaintiff in compensation, or in terms, conditions, or privileges of employment on the basis of sex, race, national origin, ancestry, disability, or religion constitutes an unlawful business practice and is expressly prohibited under FEHA. Plaintiff has exhausted all administrative remedies available to her prior to filing this action.

35. LBL, and DOES 1-50, and each of them, had actual knowledge of REED's conduct that constituted violations of Cal. Gov. Code § 12940(a).

36. All actions of Defendant REED alleged in this cause of action were ratified, authorized, and/or otherwise approved by the managing agents of every other Defendant, including Defendants LBL, and DOES 1-50.

37. As a legal result of the discrimination of Plaintiff as described above, Plaintiff has lost and continues to lose compensation, employment opportunities, and benefits. Plaintiff has further suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

38. The acts of LBL, and DOES 1-50, and each of them, alleged above were done maliciously and/or oppressively. REED was a managing partner/agent of all other Defendants. Defendants had advance knowledge of REED's harassing and discriminatory behavior, and continued to employ them with conscious disregard of the rights and welfare of Plaintiff and other employees, or otherwise authorized or ratified this wrongful conduct. Accordingly, Plaintiff is entitled to recover punitive damages against LBL, and DOES 1-50.

39. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and therefore, prays leave of Court to amend this Complaint when the amounts become more fully known.

8

**COMPLAINT FOR DAMAGES**

Pursuant to Government Code Section 12940, *et seq.*, Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by LBL and DOES 1-50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION
### Failure to Prevent Violations of Harassment/Discrimination (Gov. C. § 12940(k))

40. Plaintiff incorporates all above paragraphs as if fully set forth herein.

41. The conduct of Defendants, and each of them, alleged herein violates FEHA, Government Code § 12940(k) *et seq.*, which provides that it is an unlawful employment practice in California for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Defendants LBL, and DOES 1-50, and each of them, by refusing to take any action to allay, investigate, or resolve Plaintiff's concerns about REED's discriminatory and harassing behavior, violated their statutory requirements pursuant to the FEHA and perpetuated the hostile and discriminatory work environment caused by REED's unlawful behavior. Plaintiff has exhausted all administrative remedies available to her prior to filing this action.

42. As a legal result of the discrimination and/or harassment of Plaintiff as described above, Plaintiff has lost and continues to lose compensation, employment opportunities, and benefits. Plaintiff has further suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

43. All actions of REED alleged in this cause of action were ratified, authorized, and/or otherwise approved by the managing agents of every other defendant, including Defendants LBL, and DOES 1-50.

44. The acts of Defendants alleged above were done maliciously and/or oppressively. Defendants had advance knowledge of REED's harassing and discriminatory behavior, and continued to employ them with conscious disregard of the rights and well-being of Plaintiff and other employees, or otherwise authorized or ratified this wrongful conduct. Accordingly,

9

COMPLAINT FOR DAMAGES

Plaintiff is entitled to recover punitive damages against Defendants, including Defendants LBL, and DOES 1-50.

45. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of Court to amend this Complaint when the amounts become more fully known. Pursuant to Government Code § 12940, *et seq.*, Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by LBL, and DOES 1-50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION
### Retaliation – Violation of Gov. C. § 12940(h)

Plaintiff incorporates all above paragraphs as if fully set forth herein.

46. The conduct of Defendants, and each of them, alleged herein violates FEHA, Government Code § 12940(h) *et seq.*, which provides that it is an unlawful employment practice in California for an employer or person to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden by FEHA. Plaintiff has exhausted all administrative remedies available to her prior to filing this action.

47. LBL, and DOES 1-50, and each of them, through the acts of their agents, retaliated against Plaintiff for complaining about the discriminatory and harassing behavior of Defendants, including defendant REED.

48. As a legal result of Defendants' willful, knowing and intentional retaliation against Plaintiff as described above, Plaintiff has lost and continues to lose compensation, employment opportunities, and benefits. Plaintiff has further suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

49. The acts of all LBL, and DOES 1-50, and each of them, alleged above were done intentionally, willfully, maliciously, oppressively, and/or with the purpose of harming Plaintiff, and/or with conscious disregard of the rights and well-being of Plaintiff. REED was an agent of all other Defendants. Defendants had advance knowledge of REED's harassing, discriminatory

and retaliatory behavior, and continued to employ them without investigating Plaintiff's complaints, or otherwise authorized or ratified this unlawful conduct. As a result of Plaintiff reporting to Defendants LBL, and DOES 1-50 the harassing and discriminatory treatment she endured from REED, Defendants retaliated against her. Accordingly, Plaintiff is entitled to recover punitive damages.

50. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of Court to amend this Complaint when the amounts become more fully known. Pursuant to Government Code §12940, *et seq.*, Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by LBL, and DOES 1-50.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION
### Discrimination and Wrongful Discharge - Cal. Labor Code § 98.6

51. Plaintiff incorporates all above paragraphs as if fully set forth herein.

52. At all times relevant to this action, Plaintiff and LBL were in an employee-employer relationship such that Plaintiff was in a protected class under the provisions of Cal. Labor Code § 98.6, which prohibitions include, but are not limited to, discharge or discrimination against an employee for disclosing to a government or law enforcement agency a violation of state or federal statute or regulation.

53. As set forth in the preceding paragraphs of this complaint, LBL and DOES 1-50, and each of them, discriminated against Plaintiff for stating her complaints about REED's incessant violations of California law governing discrimination in the workplace.

54. As a result of the violations of Cal. Labor Code § 98.6 committed by LBL and DOES 1-50, and each of them, alleged in this Cause of Action, Plaintiff was terminated from her position as a Legal Assistant/Paralegal at LBL.

55. As a further result of the violations of Cal. Labor Code § 98.6 committed by LBL and DOES 1-50, and each of them, alleged in this Cause of Action, Plaintiff has lost and continues to lose compensation, employment opportunities and benefits, and will continue to suffer

humiliation, embarrassment, mental anguish and severe emotional and physical distress, all to her damages in an amount to be determined at trial and according to proof.

56. The acts of Defendants alleged above were done maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's injuries. LBL had knowledge of defendant REED's harassing and discriminatory behavior, and continued to employ them with conscious disregard of the rights and well-being of Plaintiff and other employees, or otherwise authorized or ratified this wrongful conduct. Accordingly, Plaintiff is entitled to recover punitive damages against all Defendants.

57. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of Court to amend this Complaint when the amounts become more fully known. Pursuant to Government Code § 12940, et seq., Plaintiff is entitled to be reimbursed for said legal expenses and attorney's fees by Defendants.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against Defendant REED only)

58. Plaintiff incorporates all above paragraphs as if fully set forth herein.

59. Defendant REED undertook a series of actions against and directed at Plaintiff that were outrageous, intended to cause Plaintiff to suffer severe emotional distress, or were made with reckless disregard of the probability of causing Plaintiff to suffer severe emotional distress. Defendant REED's actions were based in part upon a violation of Plaintiff's rights under the laws of the United States and California to be free from discrimination, harassment, and retaliation in the workplace.

60. As an actual and proximate cause of Defendants' acts and/or omissions as alleged in the preceding paragraphs of this complaint, Plaintiff was injured in her strength, health, and activity, all of which have caused and continues to cause Plaintiff great mental pain,

12

**COMPLAINT FOR DAMAGES**

embarrassment, humiliation, distress, anguish and suffering. The intentional infliction of emotional distress by Defendants upon Plaintiff has caused Plaintiff to sustain damages in an amount to be determined at trial and according to proof.

61. The conduct of Defendants was undertaken with oppression and malice, and in conscious disregard of the rights of Plaintiff, and justifies an award of punitive damages against Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## EIGHTH CAUSE OF ACTION
### Negligence

62. Plaintiff incorporates all above paragraphs as if fully set forth herein.

63. Defendants owed Plaintiff a duty not to perform their supervisory responsibilities towards her negligently, not to negligently hire or retain supervisory employees who would harass and discriminate against Plaintiff, and not to terminate Plaintiff negligently. These Defendants owed Plaintiff this duty by virtue of the employment relationship with Plaintiff and the nature of that relationship, by virtue of the representations made to Plaintiff whereby Plaintiff was placed in a manifestly vulnerable position, and by virtue of the tacit agreement and obligation in good faith not to terminate Plaintiff without good cause.

64. The employment relationship was intended to benefit Plaintiff by providing her job security so long as she performed satisfactorily, by providing her with a steady stream of earned income, and by providing her with self-worth and self-confidence deriving from her work. It was foreseeable, when Plaintiff was induced to enter into the employment relationship and throughout Plaintiff's employment, that negligent performance by any of these Defendants of their responsibilities in the employment relationship would be substantially certain to cause Plaintiff severe injury, both financial and emotional. Further, these Defendants occupied a position of trust towards Plaintiff and of superior knowledge, and knew that they occupied such a position.

65. Defendants negligently supervised Plaintiff by negligently terminating her and by negligently hiring and retaining supervisors who improperly supervised Plaintiff and her co-

workers at LBL. This negligent supervision by these Defendants, and their negligent hire and retention of unfit supervisors, breached duties owed to Plaintiff by virtue of the employment agreement and the nature and genesis of the employment relationship.

66. Defendants negligently terminated Plaintiff from her employment by negligently failing to consider their duties towards Plaintiff and by negligently hiring and retaining supervisors who wrongfully terminated or caused the wrongful termination of Plaintiff's employment.

67. Plaintiff suffered damages legally caused by these Defendants' negligence as stated in her prayer.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### DEMAND FOR JURY TRIAL

68. Plaintiff hereby demands a jury trial.

///

///

///

///

///

///

///

14

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendants as hereinafter set forth.

Plaintiff prays for judgment as follows:

1. For economic damages according to proof;

2. For nonpaid wages according to proof;

3. For noneconomic damages according to proof;

4. For punitive damages;

5. For interest at the legal rate on all sums awarded as damages;

6. For an award of attorney's fees;

7. For costs of suit incurred; and,

8. For such further relief as the Court deems appropriate.

DATED: December 20, 2017                    ANDERSON LAW

By: _____
DAVID C. ANDERSON
ANDREW W. RATTO
Attorneys for Plaintiff

15
**COMPLAINT FOR DAMAGES**

# Exhibit B

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>David C. Anderson, Esq., SBN 83146<br>Anderson Law<br>55 Francisco Street, Suite 403<br>San Francisco, CA 94133<br>TELEPHONE NO.: 415 395-9898   FAX NO. (Optional): 415 395-9839<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs Michelle Barty-Billeci | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Michelle Barty-Billeci<br><br>DEFENDANT/RESPONDENT: Low, Ball & Lynch, et al. | CASE NUMBER:<br>CGC-17-563260 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  ☑  summons

    b.  ☑  complaint

    c.  ☑  Alternative Dispute Resolution (ADR) package

    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*

    e.  ☐  cross-complaint

    f.  ☑  other *(specify documents):* Statement of Damages

3.  a.  Party served *(specify name of party as shown on documents served):*

    Christine Balbo Reed

    b.  ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    (business) Low, Ball & Lynch, 2 Lower Ragsdale Drive, Suite 120, Monterey, CA 93940

5.  I served the party *(check proper box)*

    a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 1/2/18    (2) at *(time):* 12:35 pm

    b.  ☐  **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

        (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Michelle Barty-Billeci | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Low, Ball & Lynch, et al. | CGC-17-563260 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*    (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**
   a. Name: Charles Ganzon
   b. Address: P.O. Box 58, Pacific Grove, CA 93950
   c. Telephone number: 831 920-7198
   d. **The fee for service was:** $ 195.00
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 12, 2018

Charles Ganzon                                    ▶ _____ 1/12/2018
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

PGS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**

# Exhibit C

KAUFMAN DOLOWICH & VOLUCK, LLP
KATHERINE S. CATLOS (SBN 184227)
Email: kcatlos@kdvlaw.com
BARBARA L. HARRIS CHIANG (SBN 206892)
Email: bchiang@kdvlaw.com
GABRIEL N. RUBIN (SBN 241659)
Email:  grubin@kdvlaw.com
425 California Street, Suite 2100
San Francisco, California 94104
Telephone:    (415) 926-7600
Facsimile:     (415) 926-7601

Attorneys for Defendants
LOW, BALL & LYNCH AND
CHRISTINE BALBO REED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHELLE BARTY-BILLECI,<br><br>        Plaintiffs,<br>    vs.<br><br>LOW, BALL & LYNCH; CHRISTINE BALBO REED; and DOES 1-50, inclusive,<br><br>        Defendants. | )Case No.  CGC-17-563260<br>)<br>)<br>)<br>)<br>)**DEFENDANTS LOW, BALL & LYNCH'S AND**<br>)**CHRISTINE BALBO REED'S ANSWER TO**<br>)**PLAINTIFF'S COMPLAINT**<br>)<br>)<br>)[Action filed   December 20, 2017]<br>)[Trial Date:  None set]<br>) |

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants LOW, BALL & LYNCH and CHRISTINE BALBO REED ("Defendants") hereby answer the unverified Complaint (the "Complaint") filed by Plaintiff MICHELLE BARTY-BILLECI ("Plaintiff") by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or have sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative defenses.

- 1 -

DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S
COMPLAINT

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend the Answer to assert additional defenses as they may become known during discovery, Defendant asserts the following separate and additional defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1 and/or 342 and California Government Code Sections 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of Defendants, thus, barring Plaintiff's recovery.

## FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff or others caused or contributed to the matters alleged, thereby causing and/or contributing to the injury or damage, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in the Complaint and is thereby barred, in whole or in part, from recovering monetary damages from Defendants

///

///

- 2 -

DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and correct any behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities, including but not limited to, using the complaint procedure provided by Defendant(s) that would otherwise have prevented some or all of Plaintiff's alleged harm.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to exhaust her administrative remedies, including those required by federal and/or state law, and is therefore barred from maintaining any or all causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Action)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment and for legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

Plaintiff's Complaint, and each alleged cause of action therein, fails to state facts sufficient to support an award of attorney's fees and costs against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Manager's Privilege)

Plaintiff's claims are barred by the manager's privilege, co-employee's privilege, and/or managerial immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Immunity/Constitutional)

Plaintiff's prayer for punitive damages is barred by California Government Code Section 818; violates Defendants' rights to procedural due process as provided by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; violates Defendants'

- 3 -

rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the Constitution of the State of California; and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California; and therefore fails to state a cause of action supporting the punitive damages claimed; and that Plaintiff's Complaint, and each alleged cause of action therein, is barred by reason of Article VI of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

Plaintiff's claims are barred by the equitable defenses of estoppel, waiver, laches, and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

Plaintiff is barred from seeking any damages for purported physical, mental or emotional injuries allegedly suffered as a result of Plaintiff's employment in that the sole and exclusive remedy in this respect is and was governed by the California Workers' Compensation Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (After Acquired Evidence)

The after acquired evidence doctrine bars Plaintiff's claims and/or limits Plaintiff's damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Other Defenses)

Defendant may have other separate and/or additional defenses of which it is not aware and hereby reserve the right to assert such defenses by amendment of this answer.

////

////

////

////

- 4 -
DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.     That the Plaintiff take nothing by way of the Complaint;

2.     That the Court dismiss Plaintiff's Complaint and each cause of action therein;

3.     That judgment be entered against Plaintiff and in favor of Defendants;

4.     That the Court award Defendants their costs of suit and attorney's fees incurred; and

5.     For such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial to the extent permitted by law.

Dated: January 26, 2018          KAUFMAN DOLOWICH & VOLUCK, LLP


By:   *Barbara L. Harris Chiang*
       KATHERINE S. CATLOS
       BARBARA L. HARRIS CHIANG
       GABRIEL N. RUBIN
       Attorneys for Defendants
       LOW, BALL & LYNCH and
       CHRISTINE BALBO REED

4850-6046-4730, v. 1

- 5 -
DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
*Michelle Barty-Billeci v. Low, Ball & Lynch, et al.*
CALIFORNIA SUPERIOR COURT, COUNTY OF SAN FRANCISCO, CASE NO. CGC-17-563260

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to this action.  My business address is 425 California Street, Suite 2100, San Francisco, California, 94104.

On the execution date below and in the manner stated herein, I electronically served the document(s) **File & ServeXpress** described as:

**DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the recipients designated on the Transaction Receipt located on the File & ServXpress website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 26, 2018, at San Francisco, California.

_____
Brandon Swansfeger

- 1 -
- PROOF OF SERVICE -
DEFENDANTS LOW, BALL & LYNCH'S AND CHRISTINE BALBO REED'S ANSWER TO PLAINTIFF'S
COMPLAINT

## File & ServeXpress Transaction Receipt

| | |
|---|---|
| **File & ServeXpress Transaction ID:** | 61617083 |
| **Submitted by:** | Barbara Harris-Chiang, Kaufman Dolowich & Voluck LLP-CA |
| **Authorized by:** | Barbara L Harris-Chiang, Kaufman Dolowich & Voluck LLP-CA |
| **Authorize and file on:** | Jan 26 2018 2:17PM PST  ⓘ |
| **Time received by San Francisco County:** | Pending ⓘ |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco-Civil |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-General Civil-Unlimited - $25,001+ |
| **Case Type:** | Wrongful Discharge (Civil 1) |
| **Case Number:** | CGC-17-563260 |
| **Case Name:** | Barty-Billeci, Michelle vs Low Ball & Lynch et al |

| | |
|---|---|
| **Transaction Option:** | File and Serve |
| **Billing Reference:** | Billeci 002018-0002 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**

**1 Document(s)**

**Attached Document, 6 Pages    Document ID: 80721564**

| Document Type: | | Access: | Statutory Fee: | Linked: |
|---|---|---|---|---|
| Answer (Original) | | Public | $450.00 | |

**Document title:**
DEFENDANTS LOW, BALL AND LYNCHS AND CHRISTINE BALBO REEDS ANSWER TO PLAINTIFFS COMPLAINT

Expand All

⊟ **Sending Parties (2)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Low Ball & Lynch | Defendant | No Answer on File | Firm TBD | Attorney in Charge |
| Reed, Christine Balbo | Defendant | No Answer on File | Firm TBD | Attorney in Charge |

⊟ **Recipients (1)**

⊟ Service List (1)

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | Barty-Billeci, Michelle | Plaintiff | Anderson, David C | Anderson Law | Attorney in Charge | E-Service |

⊟ Additional Recipients (0)

⊞ **Case Parties**

[ Close ]

**About File & ServeXpress (http://www.fileandservexpress.com/about-us)** | **Resource Center (https://resourcecenter.fileandservexpress.com/resourcecenterwebui/default.aspx?ut=AT)** | **FAQs (/FSXMasterPage/FAQ)** | **Terms & Conditions**

**Client Support** (http://www.fileandservexpress.com/agreement.htm) Privacy (http://www.fileandservexpress.com/privacy)

☎ 1-888-529-7587

✉ support@fileandserve.com (mailto:support@fileandserve.com)

💬 Chat Online

© 2018 File & ServeXpress, LLC. All rights reserved.