UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BARTY-BILLECI,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE BALBO REED, et al.,<br><br>Defendants. | Case No. 18-cv-00651-SI<br><br>**ORDER REMANDING ACTION TO SAN FRANCISCO COUNTY SUPERIOR COURT** |

On January 30, 2018, defendants Christine Balbo Reed and Low, Ball & Lynch filed a Notice of Removal removing this case from the San Francisco County Superior Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. Plaintiff Michelle Barty-Billeci had sued defendants in state court alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as numerous violations of state law. On January 31, 2018, plaintiff amended her complaint, removing the claim for relief under Title VII and retaining only the state law claims. Dkt. No. 7.

On May 11, 2018, the parties appeared before the Court for an initial case management conference, at which time the Court questioned the parties regarding the basis for continued federal jurisdiction. Defense counsel stated that plaintiff's claim for intentional infliction of emotional distress is based on a violation of federal law. Plaintiff stated that she consented to remaining in federal court.

A district court may order remand to state court either for lack of subject matter jurisdiction or for any defect in the removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche*

*Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whether a case arises under federal law pursuant to 28 U.S.C. § 1331 "turns on the 'well-pleaded complaint' rule[,]" that is, federal jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations omitted).

Here, plaintiff's claim for intentional infliction of emotional distress does not "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Nor are there any other federal claims contained in plaintiff's amended complaint. Accordingly, this action is hereby REMANDED to the Superior Court for the County of San Francisco for lack of federal jurisdiction. The clerk is directed to close the file in this case.

**IT IS SO ORDERED**.

Dated: May 11, 2018

_____
SUSAN ILLSTON
United States District Judge